## BURGESS v. BURGESS
### Case No. 81-1331
First Judicial Circuit, Okaloosa County
November 30, 1981

J. LaDon Dewrell, for plaintiff.

Henry Clay Mitchell, Jr., for defendant.

ERWIN FLEET, Circuit Judge.

Plaintiff has instituted this action, seeking to recover damages from her former husband for alleged violations of Florida's "Security of Communications" Act. (Chap. 934)

Her Complaint alleges, in paragraph 4(a) "that prior to and during the pendency of — dissolution of marriage case — " the defendant committed the unlawful tortious acts of which she complains.

The Defendant has moved to dismiss the Complaint on the basis that the doctrine of interspousal immunity precludes a tort action between a husband and wife in *all* cases and he cites the Florida Supreme Court decision in RAISEN VS. RAISEN, 379 So 2d 352 (Fla. 1979) as the authority in support of his position.

A careful reading of the RAISEN case indicates to this trial judge that the philosophy of the immunity doctrine should not be applied to the facts of this action.

The parties in the case sub judice were already separated when the questioned acts allegedly were committed. Furthermore, and more importantly, the defendant (alleged tortfeasor) had already filed his Complaint for Dissolution of Marriage in which he stated that "the marriage was irretrievably broken," when the tortious acts were allegedly committed.

Notwithstanding the Supreme Court's decision that the immunity doctrine should apply in *all* cases, it is this Court's opinion that the facts in *this* case, if proven, support the more modern concept that there are no valid policy reasons justifying the retention of the doctrine in *all* cases, per se, but that each case must be decided on the merits thereof. However, any such change in judicial decisions must come from the Supreme Court, and not this trial court, which is bound by the doctrine of res judicata.

The Motion to Dismiss is, therefore granted, with prejudice.